UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-403-GCM

| | | |
|---|---|---|
| JACKQUELYN R. BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T. BROWN, Officer, | ) | |
| CITY OF DEKALB, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint, filed pursuant to 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1). Plaintiff raises several constitutional claims related to an apparent wrongful arrest and detention in the City of DeKalb in the State of Georgia.[1] According to the complaint, Plaintiff is a citizen and resident of Union County, Monroe, North Carolina, which is within the Western District of North Carolina. Plaintiff alleges that Defendant T. Brown is a police officer employed by Defendant City of DeKalb. The Court notes that all of the allegations which are alleged in the complaint are concerned with actions or omissions that Plaintiff contends took place exclusively within the DeKalb at an undeclared time.

Federal law provides that the district court may transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). See also 28 U.S.C. § 1406(a). In this case, it

---

[1] The Court notes that there does not appear to be a city of DeKalb in Georgia. There is a DeKalb County in Georgia which is within the Northern District of Georgia.

appears that venue would be proper within the Northern District of Georgia. However, before the Court may sua sponte transfer an action on the basis of improper venue or in the interests of justice, the Court must ordinarily provide the plaintiff with "an opportunity to be heard before a decision is rendered." Feller v. Brock, 602 F.2d 722, 729 n.7 (4th Cir. 1986); accord Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987) (discussing sua sponte transfer of a case).

The Court will therefore afford Plaintiff ten (10) days from entry of this Order to address why the Plaintiff believes that venue is proper within the Western District of North Carolina instead of the Northern District of Georgia.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a memorandum of no more than five (5) pages addressing why venue is proper within the Western District of North Carolina and not in the Northern District of Georgia. Failure to file this memorandum within ten (10) days from entry of this Order may result in an Order transferring this case to the Northern District of Georgia without further notice.

Signed: July 29, 2013

Graham C. Mullen
United States District Judge